NATIONAL LABOR RELATIONS BOARD
v. WOODRUFF.
No. 13673.

United States Court of Appeals
Fifth Circuit.

Jan. 18, 1952.

Arnold Ordman, Attorney, A. Norman Somers, Asst. Gen. Counsel, David P. Findling, Assoc. Gen. Counsel, N.L.R.B., Washington, D. C., for petitioner.

W. Edward Swinson, Columbus, Ga., for respondent.

Before HOLMES, BORAH, and STRUM, Circuit Judges.

HOLMES, Circuit Judge.

The American Federation of Radio Artists, Atlanta Local, and the International Brotherhood of Electrical Workers, Local 1193, filed charges with the Board, alleging that respondent had violated Section 8 (a)(1) of the National Labor Relations Act, 29 U.S.C.A. § 158(a)(1), in that it restrained and coerced its employees in the exercise of their rights under Section 7 of the Act, 29 U.S.C.A. § 157, and that respondent had refused to bargain in good faith, thereby violating Section 8(a) (5) of the Act. The trial examiner found that the respondent had violated Section 8(a) (1), and that it had not violated Section 8(a)(5). The Board agreed with the trial examiner's finding in regard to Section 8(a)(1), but disagreed as to Section 8(a) (5). The Board's order requires respondent to cease and desist from engaging in the unfair labor practices found, and from unlawfully interfering in any other manner with the rights guaranteed to its employees by the Act. Affirmatively, the Board's order directs respondent to bargain with the unions and to post appropriate notices.

The respondent now takes the position that the findings and decision of the trial examiner and the Board, with regard to interference, restraint, and coercion, under Section 8(a)(1) of the Act, are supported by substantial evidence; and it does not oppose the Board's petition for the enforcement of the order as to Section 8(a)(1). The sole question left for decision is whether substantial evidence supports the Board's finding that respondent refused to bargain in good faith in violation of Section 8(a)(5).

 Respondent was legally bound to negotiate with an open mind and sincere desire to reach an agreement in a spirit of amity and cooperation. National Labor Relations Board v. Express Pub. Co., 5 Cir., 111 F.2d 588; National Labor Relations Board v. Reed & Prince Mfg. Co., 1 Cir., 118 F.2d 874, 875; Stonewall Cotton Mills, Inc., v. National Labor Relations Board, 5 Cir., 129 F.2d 629. The record as a whole, we think, supports the finding that respondent failed to do this; and our conclusion is that the petition for enforcement of the order should be granted.

Enforcement granted.